UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:22-cr-00032

vs.

DENIS ANTONIO FLORES-LEON

MOTION FOR A REASONABLE SENTENCE
AND MEMORANDUM OF LAW

DENIS FLORES-LEON("Flores-Leon"), through counsel and pursuant to Rule 32 Fed. R. Crim. P., respectfully moves this court for a reasonable individualized sentence under the principles of 18 U.S.C. Section 3553(a)(1)-(7). *See United States v. Tally*, 431 F. 3d 784, 786 (11th Cir. 2005); *United States v. Pugh,* 515 F.3d 1179 (11th Cir. 2008). PSR ¶ ¶ 72-73.

BACKGROUND

Flores-Leon, a native of Nicaragua, reports due to its depressed economy and politics, he fled to Costa Rica, as a political refugee. Counsel has no information of official political asylum status in Costa Rica. He was raised with several cousins by his grandmother. After only five (5) years, he left school to work in the fields. His grandmother's roof leaked, and the home did not have water or electricity. He has little memory of his parents and half-siblings. He has navigated life's challenges on

his own. He considers himself a hard worker with a focus on construction / arborist.

<u>Remorse and Acceptance:</u>   Mr. Flores-Leon better understands the impact of drug trafficking and harm to others. He accepted responsibility early, entered into a written plea agreement, earned Safety Valve eligibility, and the Government recommends a 2-Level 5K reduction. <u>Rehabilitation and Education:</u>  While incarcerated, Mr. Flores-Leon intends to work and learn to support his family better and lawfully. He is eager to learn English and gain vocational skills in air-conditioning and electricity. PSR ¶ 50.

<u>MINOR-ROLE CONDUCT</u>
*Section §3B1.2 USSGL*

It is unlikely more than one (1) of the *non-exhaustive* factors apply to Flores-Leon's conduct or his level of participation:

(a) Understood the scope and structure of the criminal activity
(b) Participated in planning or organizing the criminal activity
(c) Exercised decision-making authority or influenced the exercise of decision-making authority
(d) The discretion and responsibility the defendant had in performing his criminal activity; and
 (e) The degree the defendant stood to benefit

*USSG §3B1.2, comment. n.3(C))*; *Addendum, PSR, ¶ 26.*

With emphasis that a captain was not "identified," the Government argues Flores-Leon is an average participant in this conspiracy and does not deserve a role reduction. The Government agrees he was a mariner, helped refuel, and helped jettison cocaine. There is no dispute he was not an owner or organizer of this boat trip. This Court knows well the dangerous transportation of cocaine on the high seas is almost exclusively by extremely low income and uneducated crew members, not the drug trafficking owners and organizers. Without dispute, the cost to hire Flores-Leon and other mariners is miniscule compared with the value of their cargo – hundreds of thousands or millions ($5 million). They are financially vulnerable willing participants targeted by recruiters, who often promise to pay them more than they receive. We know their lives and their freedom is disposable by accidental death at sea, violence, or possible excessive incarceration, that has not deterred recruitment. PSR ¶¶ 36-49   This significant danger of violence, loss of life, and sacrifice should be considered in the role evaluation.

<u>Without a minor-role reduction</u> - Probation calculates an advisory sentencing guideline range **70-87 months** -  **BOL 27, CHC 1.**

<u>The Government recommends</u> - 2-Level 5K reduction:

Lowers the **BOL to 25 -  CHC I, sentencing range - 51-71 months**.

PSR ¶72. (Doc 109)

<u>With a minor role reduction,</u>

Lowers **BOL 23 – CHC 1, 46-57 months.**

§2D1.1(a)(5)(B)(ii), USSG; *Addendum, PSR* ¶ 26.

<u>NEED FOR REHABILITATION</u>
*Section 3553(a)(1)(2)(A)(B)*

The proposed reasonable sentence is adequate time to rehabilitate Mr. Flores-Leon and <u>not</u> over burden taxpayers to over punish him. PSR ¶ 66. There is no restitution or identifiable victim. PSR ¶¶ 67-68. He is very amenable and highly motivated to learn and gain vocational skills to not engage in drug trafficking or criminal activity. PSR ¶¶ 51-54.

<u>PUNISHMENT AND DETERRANCE</u>
*Section 3553(a)(1)(2)(A)(B)*

Mr. Flores-Leon is CHC I. This dangerous poverty motivated offense did not involve violence, weapons, obstruction, or an identifiable victim. PSR ¶¶ 11-16. He has demonstrated remorse and accepts responsibility and punishment for his willing participating. USSG §5C1.2; PSR ¶¶ 18-20  He is incarcerated in the U.S. where he will serve his sentence oceans away from family who cannot visit in-person. His family has lost his financial assistance. He will miss precious years with his children.

As additional punishment, after his release from BOP, for an *unknown* period, Flores-Leon will be detained before he is deported back to Nicaragua. He reports he fled to Costa Rica for political asylum. Now he fears for his safety in either country. As mitigation for less incarceration punishment, this court must impose supervised release conditions. Sentencing data unequivocally shows that the likelihood of recidivism for a defendant with Mr. Flores-Leon's characteristics is significantly low and may justify a lower sentence. *Section 3553(a)(1)(2)(C)(protect the public from future crimes).*

## SENTENCING DISPARITY
*Section 3553 (a)(1)(6)*

Despite the earned and much appreciated 5K recommendation by the Government, Flores-Leon remains entitled to an individualized reasonable sentence - that is not greater than necessary to meet the sentencing goals. Counsel urges this court reject the Government's argument to not only deny minor role but also deny consideration under Section 3553 (a). Reductions for acceptance of responsibility, safety valve, and a possible Section 5K reduction, serve separate statutory purposes. These provisions should not prevent Section 3533 (a) history and individual characteristic consideration this court may otherwise deem warranted to reach a reasonable sentence. PSR ¶¶ 72-73.

## PROPOSED REASONABLE SENTENCE

Probation identified personal history and individual characteristics that deserve consideration under 18 U.S.C. Section 3553 (a)(1)-(7). On behalf of Flores-Leon, counsel respectfully submits that 46 months is a reasonable individualized sentence. *United States v. Booker*, 125 S. Ct. 738 (2005); *Sections 5K2.0(a)(2)(A), (B) and 5K2.0(a)(3)*. PSR ¶73. He has children ages 11 and 2 to parent and support. Over incarceration punishment under the advisory guideline range will present hardship on an already impoverished family. *Section 5H1.6, USSGL.*

## CONCLUSION

Pursuant to Section 3553 (a) 46-months should provide a just punishment and deterrence; promote respect for the law; reflect the seriousness of his conduct in this offense; and protect the community from this defendant

.

Respectfully submitted,

*s/Angela B. Wright*
ANGELA B. WRIGHT ESQ.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of this Motion has been furnished via the CM/ECF system with the Clerk of the Court, which will send notice of electronic filing to the parties of record including AUSA MATTHEW DEL MASTRO, Middle District of Florida, on this 29TH day of August 2022.

        Respectfully submitted,

        **LAW OFFICES OF**
        **ANGELA B. WRIGHT, P. A.**

        *s/ ANGELA B. WRIGHT*
        ANGELA B. WRIGHT, ESQ.
        620 E. Twiggs St. Ste-316
        Tampa, Florida 33602
        Ph. (813) 277-0068
        Florida Bar No. 0803065
        abwrightlaw@gmail.com